SAUNDERS, Judge,
dissenting.
I respectfully dissent. The legislature has mandated that an expropriating authority make an appraisal or evaluation of the property to be taken and offer to compensate the owner an amount equal to at least the lowest appraisal or evaluation. LSA-R.S. 19:2.2. In order to make an appraisal or evaluation, it is often necessary that the appraiser enter upon the property which is to be taken. The regulation of the entry upon property is governed by LSA-C.C.P. arts. 1461, 1462 and 1463. These articles give the court authority “to permit entry upon designated land ... for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon-” LSA-C.C.P. art. 1461. Article 1461 also provides that “[a]ny *975 party may serve on any other party a re-quest_” In the case before us, the plaintiff has filed a petition for ex parte order for entry upon land and inspection of property. This petition makes the plaintiff and the defendant parties to an action and Article 1461 is therefore applicable and the court has authority to permit entry, inspection, etc.
The defendant argues that it is not enough that it be made a party to a petition for an order to enter the property, but rather that the expropriation proceeding must have commenced and it must be a party to the expropriation proceeding. This, however, is simply not the case as LSA-C.C.P. art. 1461 refers to “any party” and makes no requirement as to any particular stage of the proceedings at which the request may be made.
Furthermore, LSA-C.C.P. art. 1463 makes it abundantly clear that the legislature intended that no particular stage of the proceedings should have been reached prior to the court having authority to grant an order as it authorizes an independent action against a person “not a party” for permission to enter upon land. Therefore, under Article 1463, it is not necessary that the defendant be made party to an action at all in order for the court to have authority to grant permission to enter and inspect, but only necessary that the plaintiff shows a need to enter for a legally recognized purpose. The plaintiff is a subdivision of the state with expropriation authority which has shown that it intends to expropriate the property in question and that it is in the process of making an appraisal and/or evaluation of the property as required by LSA-R.S. 19:2.2 and that it is both reasonable and necessary that it be allowed to enter the property in order to properly make its evaluation and/or appraisal. The plaintiff has a legal duty to make this evaluation and it is necessary to enter the property to fulfill its duty properly.
Under these circumstances, I feel that the district court had the authority to authorize entry upon the property and that we should reverse this decision and authorize the requested inspection.